{¶ 32} My analysis differs significantly from my colleagues'. First, I use the general meaning of the terms found in the insurance contract rather than applying the meanings taken from the workers' compensation scheme. See the approach we used to interpret an insurance contract with similar terms in PennTraffic Co. v. AIU Ins. Co., Pike App. No. 00CA653, 2001-Ohio-2567, judgment affirmed by Penn Traffic Co. v. AIUIns. Co., 99 Ohio St.3d 227, 2003-Ohio-3373. Because Mr. Habermehl's injuries are causally connected, i.e. they meet the but for test, I conclude they arise out of his employment (and in the course of his employment). See also our analysis in Hagel v.Horner, 162 Ohio St.3d 221, 2005-Ohio-3574, where we reached a similar conclusion, i.e. "causally connected", in the context of construing the political subdivision immunity statute's use of the phrase "any matter that arises out of the employment relationship".
 {¶ 33} Nonetheless, he and his wife are not entitled to coverage because his injuries did not occur while he was occupying a covered vehicle. The policy's "other owned vehicle" exclusion precludes coverage. See Hall v. Kemper Ins. Co.,
Pickaway App. No. 02CA17, 2003-Ohio-5457.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Only with Opinion.
Kline, J.: Concurs in Judgment Only.